(86 South. 664)

No. 24312.

POLICE JURY OF LAFOURCHE PARISH v. TOWN OF THIBODAUX.

In re POLICE JURY OF LAFOURCHE PARISH.

(Nov. 3, 1920. Rehearing Denied Nov. 29, 1920.)

*(Syllabus by Editorial Staff.)*

Injunction ⬤⟜170—Dissolving temporary injunction ex parte on giving bond erroneous.

Dissolving a temporary injunction on defendant giving bond but without notice to plaintiff is an abuse of discretion where no extreme reasons of such action appears.

Action by the Police Jury of the Parish of Lafourche against the Town of Thiboudaux. Application by plaintiff for writs of mandamus, prohibition, certiorari, etc., against H. M. Willis, Jr., Judge of Twentieth Judicial District Court, Parish of Terrebonne. Mandamus issued.

J. A. O. Coignet, Dist. Atty., and Howell, Wortham & Howell, all of Thibodaux, for petitioner.

Montet & Morvant and Caillouet & Caillouet, all of Thibodaux, for respondent judge.

PROVOSTY, J. The bridge over Bayou Lafourche at Thibodaux is owned by the town of Thibodaux and the parish of Lafourche jointly. These owners have heretofore joined in a lease for its operation as a toll bridge. This lease expiring, the town has been unwilling to make another, but has insisted that the bridge should be free. The police jury then, as governing body of the parish, fixed a tariff of tolls for the use of its half interest in the bridge, and appointed a bridge keeper. The town authorities forcibly took possession of the bridge and excluded this keeper. Thereupon the police jury obtained an injunction against the town, predicated upon its right to the enjoyment of a half interest in the bridge. Two days later the judge dissolved the injunction on bond ex parte on application of defendant, without the plaintiff being afforded a hearing. Plaintiff applied to the judge to set aside this dissolving order, as having been improvidently granted; and, failing to obtain this relief, applied for a suspensive appeal to this court. This application the judge refused, assigning as a reason that from the petition upon which the injunction was granted it did not appear that the dissolution of the injunction on bond would cause an irreparable injury.

Whether this was true or not, the dissolu-

tion of the injunction without affording the plaintiff in injunction a hearing was an abuse of discretion on the part of the judge. In the case of State ex rel. Lehman v. King, 46 La. Ann. 163, 15 South. 283, the court quoted the following from State ex rel. v. Judge, 37 La. Ann. 119, as correctly formulating the rule in regard to the authority of the judge to dissolve an injunction ex parte, to wit:

"We said that 'it was well established as a rule, that notice to dissolve an injunction should be given to the party who obtained the writ,' but we immediately added 'although in extreme cases the judge, in his discretion, may dissolve at Chambers and ex parte.'"

The present case, far from being "extreme," impresses us, from our present lights, as having been one in which the injunction should not have been dissolved at all. That, however, is a question which can only come up when the case is tried on the merits.

It is therefore ordered that a mandamus issue directing the Hon. H. M. Wallis, Jr., judge to grant a suspensive appeal as prayed, and that the said respondent judge pay the costs of this court.